# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**JAMES C. MAXIE**                                                                         **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 5:06-CV-P106-R**

**THOMAS SIMPSON, Warden**                                                  **RESPONDENT**

## MEMORANDUM OPINION

The petitioner, James C. Maxie, *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). The matter is currently before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petitioner has failed to exhaust all available state remedies, the Court will dismiss the petitioner's § 2254 petition.

On August 1, 2001, the petitioner was convicted of tampering with physical evidence and being a persistent felony offender and was sentenced to five years in prison, which was enhanced to a ten-year prison term. *See Maxie v. Commonwealth*, No. 2004-CA-1643-MR, 2006 WL 73479, at *1 (Ky. App. Jan. 13, 2006). He appealed, arguing that the trial court erred in allowing the jury to return a not-guilty verdict on the trafficking and possession charges and a guilty verdict on the tampering-with-evidence charge because the two results were inconsistent. *Id.* The Kentucky appellate court affirmed, finding that the petitioner had not properly preserved the issue for review. *See id.*

On October 4, 2002, the petitioner filed a motion for discretionary review in the Kentucky Supreme Court. The Kentucky Supreme Court denied that motion on April 17, 2003.

On November 14, 2003, the petitioner filed a *pro se* motion requesting the return of $348.00, which was taken from him at the time of his arrest, arguing that it should be returned

because he had not been convicted of the possession or trafficking charges. *See id.* at *2. On December 23, 2003, the petitioner filed a motion under Kentucky Rule of Criminal Procedure 11.42 requesting an evidentiary hearing on his claim that he received ineffective assistance of counsel because counsel did not object to the purportedly inconsistent verdicts at his trial. *See id.* Both motions were rejected by the trial court on January 9, 2004. The petitioner then appealed, and on January 13, 2006, the Kentucky appellate court affirmed the denial of Rule 11.42 relief but vacated the trial court's decision to deny the petitioner's motion for the return of the $348.00 and remanded the matter for further proceedings. *Id.* at *6.

The petitioner did not seek relief from that judgment in the Kentucky Supreme Court. Instead, the petitioner filed a § 2254 petition in this Court raising a claim that his trial counsel was ineffective for failing to object to the inconsistent jury verdicts, that is, the failure of the jury to find that the petitioner was in possession of cocaine necessarily precluded a conviction for tampering with physical evidence because, he argues, he could not have destroyed, mutilated, concealed, removed, or altered evidence without possessing it. He also claims that the Commonwealth illegally conducted a forfeiture of his cash in violation of the Fourth and Fourteenth Amendments.

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley,* 49 F.3d 1193, 1195 (6th Cir. 1995). Any alleged constitutional deprivations must be asserted through the state appellate process. "In the Sixth Circuit, a habeas petitioner normally must present his claim to the state's highest court in order to exhaust . . . ." *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to demonstrate compliance

with the exhaustion requirement. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

By not presenting his ineffective-assistance-of-counsel claim to the Kentucky Supreme Court, the petitioner has failed to exhaust that claim. Under Kentucky Procedural Rules it appears that the petitioner's time to seek discretionary review has passed. However, Kentucky courts have determined that the appellate court which is to entertain the matter may grant a right to a belated appeal. *See Cleaver v. Commonwealth*, 569 S.W. 2d 166, 169 (Ky. 1978). It appears such a remedy still is available to the petitioner. As a matter of comity, this Court will not consider the petitioner's constitutional claim as long as he has an available state forum. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. ").

The petitioner's claim regarding the forfeiture of $348.00 likewise is not exhausted. Putting aside the fact that the petitioner's forfeiture claim does not appear to fall within the ambit of § 2254, which allows a district court to entertain a § 2254 petition only on the ground that the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States," *see* § 2254(a), it is clear that that claim is not exhausted because the Kentucky appellate court has remanded that matter for further proceedings.

For the foregoing reasons, the petitioner has not demonstrated satisfactorily that he has

exhausted his state remedies.  The petition for writ of habeas corpus therefore will be

**DISMISSED** by separate order.

Date:




cc:	Petitioner, *pro se*
	Respondent
	Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
	   1024 Capital Center Drive, Frankfort, KY 40601